Filed 9/15/16  In re E.B. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re E.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>E.B.,<br><br>        Defendant and Appellant. | A147353<br><br>(Lake County<br>Super. Ct. No. JV-311294) |

Appellant E.B. appeals following a jurisdictional admission and the juvenile court's subsequent dispositional order.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the entire record, find no arguable issues, and affirm.

BACKGROUND

On November 6, 2015, an amended Welfare and Institutions Code section 602, subdivision (a)[1] petition was filed charging appellant, then 16 years old, with one misdemeanor count of vandalism (Pen. Code, § 594, subd. (a)) and one misdemeanor count of trespassing (*id.,* § 602, subd. (m)).

According to the probation report, the vandalism charge was based on an August 2015 incident involving damage to an elementary school. Appellant matched the description provided by witnesses and, in a police interview on the day of the incident, admitted being at the elementary school earlier that day, said he was angry and started to throw things after his girlfriend broke up with him, and admitted the damage "was probably" caused by him. The trespassing charge was based on a September 2015 incident in which appellant and others admitted to meeting without permission on high school property to smoke marijuana.

On November 30, 2015, appellant admitted the vandalism charge and the juvenile court dismissed the trespassing charge. The probation report stated appellant was previously placed on probation twice, for second degree burglary and challenging a fight on school grounds. The report noted appellant had twice completed substance abuse counseling programs, apparently as part of these two probation terms. Despite these programs, appellant tested positive for drugs in August 2015 and, in December 2015, admitted daily use of marijuana and occasional use of alcohol.

In December 2015, the juvenile court adjudged appellant a ward of the court and ordered him to remain in the custody of his parents under the supervision of a probation officer. The court ordered appellant's eligibility to acquire a driver's license delayed for one year, pursuant to Vehicle Code section 13202.6; imposed a restitution fine of fifty dollars; and directed restitution to the school district in an amount determined by the probation officer, with the opportunity for review by the court. The court imposed terms

---

[1] All undesignated section references are to the Welfare and Institutions Code.

and conditions including drug and alcohol counseling, warrantless searches, 20 hours of community service, a curfew, and enrollment in drug court.

## DISCUSSION

We have reviewed the record and found no arguable appellate issues.

Appellant was represented by legal counsel throughout the proceedings and there is no indication in the record that counsel was ineffective. Prior to his admission, appellant signed a written waiver form acknowledging the rights he was waiving; he was also questioned by the juvenile court at the time of his admission. There is no indication in the record that his admission was not knowing and voluntary.

The order delaying appellant's eligibility for a driver's license was proper. (Veh. Code, § 13202.6, subd. (a)(1) [where person convicted of Pen. Code, § 594 does not have driver's license, "the court shall order the department to delay issuing the privilege to drive for not less than one year nor more than three years subsequent to the time the person becomes legally eligible to drive"].) Appellant was advised this was a possible consequence of his admission on the written waiver form.

The restitution order and fine was proper. (*In re Karen A.* (2004) 115 Cal.App.4th 504, 511 [juvenile court may direct probation officer to determine amount of restitution]; § 730.6, subd. (b)(2) [restitution fine for misdemeanor offenses shall not exceed $100].) The terms and conditions imposed are reasonable and not an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

3

_____
SIMONS, J.

We concur.



_____
JONES, P.J.



_____
NEEDHAM, J.



(A147353)